(78 South. 872)

### J. W. HOOTON & CO. v. ADAIR.
(7 Div. 935.)

(Supreme Court of Alabama.	April 18, 1918.)

DETINUE ⬤⟹22—PLAINTIFFS' TITLE—DIREC-
	TION OF VERDICT.

In detinue for a mule claimed by defendant as assignee under a mortgage, where there was no evidence that such mortgage had been paid off and discharged, and it appeared that the transfer to defendant was legal, verdict for defendant was properly directed.

Appeal from Circuit Court, Clay County; A. H. Alston, Judge.

Detinue by J. W. Hooten & Co. against Henry Adair. From a judgment for defendant on an affirmative charge, plaintiffs appeal. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Garrison & Allen, of Ashland, for appellants. Pruet & Hardegree, of Ashland, for appellee.

MAYFIELD, J. This was an action of detinue for a mule. Both parties claimed title through mortgages executed by the owner of the mule. Plaintiffs (appellants here) claimed through a mortgage executed to them of date February 13, 1915. Defendant (appellee) claimed as assignee of a mortgage of date January 14, 1915, to A. J. Glenn, which was duly transferred and assigned to defendant. The trial court, on this evidence, gave at defendant's request the affirmative charge, and the jury found accordingly; and plaintiffs appeal.

Plaintiffs contend that defendant was not the assignee of the mortgage, but that the prior mortgage was in fact paid off and discharged, and that the formal assignment passed no title to the mortgaged property, or, to be more accurate, they contend that this was a disputed question of fact, to be found by the jury. We agree with the trial court that the undisputed evidence showed that plaintiffs were not entitled to recover as against this defendant. There was evidence of payments on the mortgage, but none that all due was paid, or that the mortgage was discharged. On the undisputed facts defendant would have had the equitable title to the mortgage and mule, had there been no transfer or assignment of the note and mortgage; and the undisputed evidence showed a perfectly valid transfer of the legal title to the defendant. Hence, in no event or phase of the evidence were plaintiffs entitled to recover.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.